and supervision of each parent, the award is one of joint physical custody, regardless of how the court characterizes it." *Wood v. Wood,* 193 S.W.3d 307, 311 (Mo.App. E.D.2006).

The parenting plan adopted by the trial court gave Father parenting time starting 7:15 a.m. Wednesday with the ending time alternating between 4:45 p.m. Thursday and 4:45 p.m. Friday.[2] The parenting plan also evenly split holidays between the parents and granted Father an additional five consecutive days over the summer. Similar parenting plans have been deemed to have allotted "significant" periods of time under the care and supervision of the parent to make the award one of joint physical custody. *See In re Marriage of House,* 292 S.W.3d 478, 487–88 (Mo.App. S.D.2009) (deeming award of alternating weekends, major holidays, and one week in the summer significant); *Wood,* 193 S.W.3d at 311 (finding significant parenting time awarded where father granted two weekends per month, one evening each week for three hours, certain holidays, and summer vacation time graduating from two to five weeks). Accordingly, based on the amount of parenting time awarded to Father, Father is a joint physical custodian.

Though the trial court mislabeled the physical custody awarded in its judgment, it is unnecessary to "remand for correction of the decree where we can simply recognize and clarify that he is a joint physical custodian." *Potts v. Potts,* 303 S.W.3d 177, 186 (Mo.App. W.D.2010) (citing *Rule 84.14*). Based upon the amount of parenting time awarded to Father in the trial court's judgment, he is a joint physical custodian, and the judgment is amended to reflect that fact. *Rule 84.14.*

2. Once T.C.C. reached kindergarten, Father was to have parenting time on alternating weekends from 4 p.m. Friday until the start of

As so modified, the judgment is affirmed. A memorandum explaining our reasons for denying the points not covered by this opinion has been furnished to the parties pursuant to Rule 84.16(b).

All concur.

**A.G., Appellant,**

v.

**P.G., Respondent.**

**No. ED 97131.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 18, 2012.

Michael P. Cohen, St. Louis, MO, for appellant.

Susan M. Hais, Clayton, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., SHERRI B. SULLIVAN, and GLENN A. NORTON, JJ.

*ORDER*

PER CURIAM.

A.G. (Father) appeals the circuit court's judgment of dissolution awarding custody,

school on Monday. Every week he was to have parenting time from 4 p.m. Wednesdays until school began on Thursday.

child support, and maintenance to his former spouse, P.G. (Mother).

We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

The judgment of the trial court is affirmed in accordance with Rule 84.16(b).

■

**Gensun JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 97262.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 18, 2012.

Scott Rosenblum, Clayton, MO, for appellant.

Chris Koster, John M. Reeves, Jefferson City, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., SHERRI B. SULLIVAN, J., and GLENN A. NORTON, J.

*ORDER*

PER CURIAM.

Gensun Johnson ("Movant") appeals from the judgment of the motion court denying his request for post-conviction relief pursuant to Rule 29.15 after an evidentiary hearing.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

The judgment of the trial court is affirmed in accordance with Rule 84.16(b).

■

**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Roger D. MOYNIHAN,
Defendant/Appellant.**

No. ED 97506.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 18, 2012.

Daniel N. McPherson, Jefferson City, MO, for Plaintiff/Respondent.

Robert W. Lundt, St. Louis, MO, for Defendant/Appellant.